UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA VENELL GORDON, | : | C-1-05-0240 |
| Petitioner | : | CR-1-03-139-4 |
| | | |
| v. | : | |
| | | |
| UNITED STATES OF AMERICA, | : | Chief Judge Beckwith |
| Respondent | : | |

## MEMORANDUM AND ORDER

Petitioner, Joshua V. Gordon, is a federal inmate serving a sentence of 51 months of incarceration as a result of his guilty plea to conspiracy to distribute in excess of 500 grams of methamphetamine (21 U.S.C. § 846, 841 (a)(1) and (b)(1)(A) (viii)). Petitioner's plea was entered on January 9, 2004.  He was sentenced on April 14, 2004. No direct appeal was taken.  Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 (Doc. No. 60) was timely filed on February 23, 2005.  The government filed United States' Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 67) and Petitioner has not opted to file a reply.[1]

Analysis

An action brought pursuant to 28 U.S.C. § 2255 must allege an error that meets the constitutional standards for collateral attack.  A petition properly brought under this section must allege that a sentencing court:

---

[1] Petitioner has also filed a Motion to Appoint Counsel (Doc. No. 68) and the government has filed its response (Doc. No. 69).  Additionally, Petitioner has filed a Motion for Summary Judgment (Doc. No. 70) and the government has again responded (Doc. No. 71).

  1. Committed an error of constitutional magnitude;

  2. Imposed a sentence outside the statutory limits; or

  3. Proceeded under an error of fact or law which was so fundamental as to render the entire proceedings invalid.

United States v. Addonizio, 442 U.S. 178, 186 (1979); United States v. Davis, 417 U.S. 333, 346 (1974). A § 2255 motion is not limited to constitutional claims, but a non-constitutional error does not provide a basis for collateral attack unless it involves a "fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). A motion under § 2255 will not serve as a substitute for a direct appeal and claims that could have been raised on direct appeal, but were not, will not be entertained in a § 2255 proceeding. See McCrary v. United States, No. 97-3966, 1999 WL 313831 (6th Cir. May 3, 1999).

  Grounds 1, 2 and 3 of Petitioner's petition claim that the sentence in this matter should be reconsidered by the trial court in light of the Supreme Court's decisions in Apprendi and Booker. The Booker decision was issued by the Supreme Court on January 12, 2005, and the Sixth Circuit has concluded that Booker applies only to cases pending on direct appeal at the time the decision was handed down. It does not apply retroactively to cases pending on post-conviction motions such as Petitioner's present motion. See United States v. Humphress, 398 F.3d 855 (2005). Thus, these claims are without merit.

  In Ground 4, Petitioner claims that his counsel was ineffective for failing to file a direct appeal. The right to counsel guaranteed by the Sixth Amendment is the right to

effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also, Blackburn v. Foltz, 828 F.2d 1177 (6th Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Because Petitioner must satisfy both prongs of the Strickland test to demonstrate ineffective assistance of counsel, if the Court determines that Petitioner has failed to satisfy one prong, it need not consider the other. Id. at 697.

Petitioner states in the most cursory of terms that his defense counsel was ineffective "where he failed to file Direct Appeal upon Government bad faith," Doc. No.

60 at 5.  Petitioner does not elaborate and, most importantly, does not claim that defense counsel knew or should have known of Petitioner's desire to appeal.  Petitioner claims that he "was unaware and did not understand how to appeal," id. at 6.  Yet the record shows that the sentencing judge explicitly advised Petitioner that he had ten days within which to file an appeal and, if he wished, the Court would direct the Clerk to file a Notice of Appeal on his behalf forthwith

> THE COURT:  Thank you.  Mr. Gordon, I'm obliged to advise you that you do have the right to appeal this sentence.  And if you're unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed *in forma pauperis*.
>
> If you're indigent and you cannot retain an attorney, you may apply and one will be appointed to represent you in your appeal.
>
> I want to also advise you that in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within ten days of the filing of this judgment, and it will be filed today, April the 14th, 2004.  Therefore, you must file your notice of appeal, if you intend to file one, on or before April the 27th, 2004.

> I also want to advise you that if you request, I will direct the Clerk of the Court to prepare and file forthwith a notice of appeal on your behalf.
>
> Would you like a notice of appeal filed?
>
> THE DEFENDANT: No.
>
> THE COURT: Okay. You have ten days to think about it. And if you change your mind, I'm sure that Mr. Welsh will protect your appellate rights.
>
> Counselors, is there any other matter that we need to take up with regard to Mr. Gordon?
>
> MR. PARKER: No, Your Honor.
>
> MR. WELSH: No, Your Honor.
>
> THE COURT: All right. Thank you very much.
>
> MR. WELSH: Thank you, Your Honor.

Doc. No. 66 at 14-15. Petitioner essentially concedes that after discussing the possibility of an appeal with defense counsel, he decided not to file an appeal.[2] Where Petitioner did not explicitly instruct his defense counsel to appeal, there is no constitutional duty to file a notice of appeal. Regalado v. United States, 334 F.3d 520 (6th Cir.), cert. denied, 124 S.Ct. 585 (2003). This Court will presume prejudice only where Petitioner can demonstrate that but for his counsel's deficient failure to consult with him about an

---

[2]"We argued but in the end, did not file an appeal," (Doc. No. 60 at 4).

appeal, he would have filed an appeal. Petitioner does not allege that he would have filed an appeal but for counsel's failure to advise him of his appellate rights or total failure to confer with him. He vaguely suggests that an appeal might have been pursued on the basis of the government's "bad faith," but he does not explain what he means by that phrase. Petitioner appears to argue that he was denied effective assistance of counsel, because defense counsel was insufficiently prescient to anticipate the holding of <u>Booker</u> and require the sentencing court to submit the particulars of the sentencing data to a jury despite his guilty plea, plea agreement and his own acknowledgment of the truth of the statement of facts. He is incorrect at every step of his argument. His acknowledgment of the facts eliminates the need for any jury findings. Petitioner has shown neither a constitutionally deficient performance nor prejudice as a result of defense counsel's failure to file an appeal in this matter. This claim is meritless.

Lastly, Petitioner claims that he did not know the amount of methamphetamine for which he would be held responsible and that he did not understand the plea agreement. The Court notes that Petitioner has shown no reason to excuse his failure to raise these claims on direct appeal. Thus, these claims are waived. In any event, the record belies Petitioner's claims of ignorance. At the change of plea hearing, Petitioner acknowledged the terms of the plea agreement as summarized by the Assistant United States Attorney were the same as his understanding of the plea agreement. (<u>See</u> Doc. No. 65 at 22-26). Incorporated into that plea agreement was the statement of facts, read by the case agent under oath in open court. It specifically stated that Petitioner had transported in excess of

500 grams of methamphetamine.  (Id. at 28-32).  Later, Petitioner chose not to object to that calculation in the presentence report or at the sentencing hearing.  Therefore, these claims, to the extent not waived, are meritless.

Petitioner has not demonstrated the need for an evidentiary hearing or, therefore, the appointment of counsel.  Petitioner's Motion to Appoint Counsel (Doc. No. 68) is **DENIED**.

Petitioner's Motion for Summary Judgment (Doc. No. 70), having no basis in law or fact, is **DENIED**.

**IT IS THEREFORE ORDERED THAT**:

1.  Petitioner's petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 67) is **DENIED** with prejudice.

2.  Petitioner's Motion for Appointment of Counsel (Doc. No. 68) is **DENIED**.

3.  Petitioner's "Petition for Summary Judgment be made in favor of Petitioner" (Doc. No. 70) is **DENIED**.

4.  A certificate of appealability will issue with respect to Petitioner's claim alleging ineffective assistance of counsel for failure to file a direct appeal of Petitioner's sentence.  A certificate of appealability will not issue with respect to any of Petitioner's other claims for relief because, for the foregoing reasons, Petitioner has failed to make a substantial showing of the denial of a federal constitutional right remediable in this proceeding as to those claims.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

5.  With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith," only as to Petitioner's claim alleging ineffective assistance of counsel for failure to file a direct appeal of Petitioner's sentence, and

therefore **GRANTS** Petitioner leave to appeal *in forma pauperis* ONLY as to that issue. See Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir 1997).


DATE:  <u>January 6, 2006          </u>             <u> s/ Sandra S. Beckwith          </u>
                                                     Sandra S. Beckwith, Chief Judge
                                                     United States District Court